

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-97,171-01

### EX PARTE MICHAEL ANDERSON, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 24-03368-CRF-361-A
## IN THE 361ST DISTRICT COURT
## BRAZOS COUNTY

*Per curiam.*

# O P I N I O N

Applicant was convicted of indecency with a child by exposure and sentenced to 10 years' imprisonment. There was no appeal in this cause. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because counsel advised Applicant to enter a plea for shock probation when he was ineligible for it. Based on

the record, the trial court has determined that Applicant's plea was involuntary because counsel's plea advice was outside the range of competence when the law established that defendants convicted of indecency with a child by exposure are not eligible for shock probation. *See* Tex. Code Crim. Proc. art. 42A.054(a)(7) (defendants convicted under Penal Code Section 21.11 are not eligible for court-ordered community supervision); *see also State v. Posey*, 330 S.W.3d 311, 315 (Tex. Crim. App. 2011) (a defendant who is not eligible for judge-imposed community supervision under art. 42A.054(a) is not eligible for shock probation).

Relief is granted. *Ex parte Cox*, 482 S.W.3d 112, 117–18 (Tex. Crim. App. 2016). The judgment in cause number 24-03368-CRF-361 in the 361st District Court of Brazos County is set aside, and Applicant is remanded to the custody of the Sheriff of Brazos County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: January 15, 2026
Do not publish